1  JUSTIN T. BERGER (SBN 250346)
   jberger@cpmlegal.com
2  SARVENAZ "NAZY" J. FAHIMI (SBN 226148)
   sfahimi@cpmlegal.com
3  **COTCHETT, PITRE & McCARTHY, LLP**
   San Francisco Airport Office Center
4  840 Malcolm Road
   Burlingame, CA 94010
5  Telephone: (650) 697-6000
   Facsimile: (650) 697-0577
6
   *Attorneys for Plaintiffs and the Proposed Class*
7

8                       **UNITED STATES DISTRICT COURT**

9                      **NORTHERN DISTRICT OF CALIFORNIA**

10                              **SAN JOSE DIVISION**

11 | DANIEL PATTERSON, BEN LENAIL, | CASE NO. |
   | BRENDAN KAYES, JAMES BUSTAMANTE, | |
12 | OCTAVI SEMONIN, ANNETT SUESS, and | **CLASS ACTION COMPLAINT** |
   | GLENN GARCIA, on behalf of themselves and | |
13 | others similarly situated, | |

14              Plaintiffs,

15         v.                                    **JURY TRIAL DEMANDED**

16  ALTA DEVICES, INC.; HANERGY HOLDING
    GROUP, LTD.,
17
                Defendants.
18

**CLASS ACTION COMPLAINT**

# TABLE OF CONTENTS

**Page No.**

I. INTRODUCTION ..................................................................................................................1

II. JURISDICTION AND VENUE ............................................................................................2

III. PARTIES ................................................................................................................................3

    A. Plaintiffs and Class Representatives ..........................................................................3

    B. Defendants ..................................................................................................................5

IV. CLASS ACTION ALLEGATIONS .......................................................................................6

V. FACTUAL ALLEGATIONS .................................................................................................8

VI. CAUSES OF ACTION ..........................................................................................................9

    First Cause of Action ...........................................................................................................9

    Second Cause of Action ....................................................................................................11

    Third Cause of Action .......................................................................................................12

    Fourth Cause of Action .....................................................................................................12

    Fifth Cause of Action ........................................................................................................13

VII. PRAYER FOR RELIEF ......................................................................................................13

VIII. JURY DEMAND ..................................................................................................................16

**CLASS ACTION COMPLAINT**     i

Plaintiffs DANIEL PATTERSON, BEN LENAIL, BRENDAN KAYES, JAMES BUSTAMANTE, OCTAVI SEMONIN, ANNETT SUESS, AND GLENN GARCIA, on behalf of themselves and a class of those similarly situated, by and through their counsel, allege the following against Alta Devices, Inc. ("Alta") and Hanergy Holding Group, Ltd. ("Hanergy") (collectively "Defendants"):

## I.   INTRODUCTION

1. On October 15, 2019, Defendants abruptly shut the doors to their Sunnyvale, California factory, leaving almost 300 employees without a job—and without their final paychecks—just before the holiday season. Defendants abandoned employees without any pay and left them in the lurch—providing no official notice of termination, and repeatedly promising that the plant would be back up and running any day. In the meantime, employees are having trouble paying bills and are left with uncertainty relating to healthcare coverage after being given false hope that Defendant Hanergy would reopen the Alta plant and resume operations as usual.

2. Defendant Hanergy, a company with over 15,000 employees based in Beijing, China, is Alta's parent corporation—providing funding and calling all the shots at Alta, including the decision to shut down the plant. Hanergy has engaged in similar conduct in China: abruptly closing manufacturing plants without paying employees their final wages, and even failing to pay employees for months at a time. Hanergy has now imported its egregious practices to California.

3. Hanergy, however, is not above the rule of law, and this is not China. In abruptly closing the Alta plant, Defendants violated the federal and California WARN Acts, which require at least 60 days written notice of termination where a plant is shut down and/or mass layoffs occur. Defendants further failed to pay employees wages and vacation time already earned in violation of the California Labor Code. Defendants also breached agreements with Plaintiffs and other similarly situated employees by failing to provide severance pay as clearly outlined in some employees' agreements. Under both California and Federal law, Hanergy is liable for these employment practices as Alta was dependent upon and controlled by Hanergy.

4. The persons Plaintiffs seek to represent are all former or current employees of Defendants who did not receive warning the Alta plant would be shut down as required under both

federal and California law; who were not paid for weeks of work prior to the shutdown; who did not receive earned but unpaid wages for up to 30 extra days for failing to pay such wages under California law; who did not receive earned but unpaid vacation time, bonuses and benefits; and/or did not receive promised severance payments. Plaintiffs seek to represent two subclasses of employees: employees who were laid off a few weeks prior to the Alta plant shutdown and were promised severance payments that were never made, and employees who were sent home on or around the day of the October 15, 2019 shutdown.

5. As a result of Defendants' violations of the California Labor laws, the federal and state WARN Acts, and Defendants' breach of contracts, Plaintiffs and the other members of the Class, including the subclasses, were severely damaged.

6. Plaintiffs bring this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and all other persons similarly situated who suffered damages as a result of the wrongful conduct and unlawful labor practices committed by Defendants for breach of contract, violation of the Worker Adjustment Retraining Notification Act (" Fed. WARN Act"), 28 U.S.C. Section 2101 et seq., California Labor Code Section 1400 et seq. ("Cal. WARN Act") (collectively "WARN Acts"), and violation of California Labor Code Sections 201 and 203, and 227.3.

## II. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. Section 1331, as Plaintiffs set forth Federal WARN Act claims, and pursuant to 29 U.S.C. Section 2104(a)(5) which states jurisdiction lies in the District where a plant shutdown has occurred.

8. This Court has supplemental jurisdiction pursuant to 28 U.S.C. Section 1367(a) over the state law claims.

9. Venue is proper in this District under 28 U.S.C. Section 1391(b)(2) because a substantial part of the events occurred at the property where the plant is located in Sunnyvale, California.

/ / /

/ / /

## III. PARTIES

### A. Plaintiffs and Class Representatives

10. During the Class period, Plaintiff DANIEL PATTERSON was employed by Defendant Alta as a senior member of the technical staff and laser safety officer. He resides in Morgan Hill, California. His employment began in or about December of 2010 and without income, and no longer believing Defendants' promises of reopening, he resigned on December 4, 2019. He was working on October 15, 2019 when the shutdown occurred and had not previously been given notice of the closure. He, along with some other employees, continued to work through October 18 shutting down tools on the line. DANIEL PATTERSON was compensated through a salary. Plaintiff DANIEL PATTERSON worked directly and regularly with Hanergy personnel in coordinating tool builds and factory startups.

11. During the Class period, Plaintiff BEN LENAIL was the Director of Business Development at Alta and resides in Palo Alto. He has been employed by Alta since approximately March 10, 2011 and has not resigned since the shutdown. He last received pay on October 4, 2019 and witnessed the October 15, 2019 shutdown. He was not given notice of the shutdown at any time. BEN LENAIL was compensated through a salary.

12. BEN LENAIL was in regular and direct contact with Hanergy personnel, including with key Hanergy executives operating out of Beijing, business development staff from Beijing and Burlingame, and other staff working at Hanergy Europe.

13. During the Class period, Plaintiff BRENDAN KAYES was employed by Defendant Alta in various roles, including most recently as Director, Device Technology. He worked at Alta from approximately September 30, 2008 through June 7, 2013, and again from June 23, 2014 through November 4, 2019 at the Sunnyvale plant and resides in Los Gatos, California. BRENDAN KAYES was present when employees were told they would not receive further pay, and when the plant shutdown occurred on October 15, 2019. He last received pay on October 4, 2019. He had never received notice of a shutdown. Without income, and no longer believing Defendants' promises of reopening, he notified Alta of his resignation effective November 4, 2019. On November 21, 2019

Lyle Bautista from Alta's Human Resources Department acknowledged the resignation. BRENDAN KAYES was a salaried employee.

14. During his employment at Alta, BRENDAN KAYES was in direct and regular contact with Hanergy personnel. He was involved in regular meetings with Hanergy staff who visited the plant, including with senior Hanergy management. Further, BRENDAN KAYES traveled to China several times to have meetings with Hanergy.

15. During the Class period, Plaintiff JAMES BUSTAMANTE was employed in the role of Network and Security Engineer by Defendant Alta. He resides in San Jose, California. He started working at Alta on or about May 16, 2016 and last worked at the plant on October 18, 2019, shortly after the shutdown. He was not given any notice of the shutdown. His last Alta paycheck was received on October 4, 2019. He was compensated through a salary. Since the shutdown he has been forced to take a new position with another company, although he has not resigned with Alta.

16. During Plaintiff JAMES BUSTAMANTE's employment at Alta he worked directly with the Hanergy IT team which oversaw and audited Alta's network, data, and infrastructure systems.

17. During the Class period, Plaintiff OCTAVI SEMONIN was employed with Defendant Alta. He started employment at Alta on or about July 11, 2016 as Development Engineer, Process. He resides in San Francisco, California. His last day at the office was on October 17, 2019, and he was not given notice regarding the shutdown which occurred two days prior. He last received pay on October 4, 2019. During his employment he worked with Hanergy staff, including by helping to record a video for Hanergy which described Alta's products. He has not resigned from his position. OCTAVI SEMONIN was compensated through a salary.

18. During the class period, Plaintiff ANNETT SUESS was an Engineering Technician at Alta who began her employment on or about April 30, 2018 and has been compensated hourly. She was working on October 15, 2019 when Alta experienced a shutdown. She had not been given notice of the closure. ANNETT SUESS has not resigned but has not been paid since October 4, 2019. She resides in Royal Oaks, California.

19. During the Class period, Plaintiff GLENN GARCIA was employed as a Manufacturing Technician by Defendant Alta in Sunnyvale. GLENN GARCIA started his employment in or about May of 2016 and received hourly pay. He was laid off on or about September 17, 2019. He was a part of the first round of major layoffs which lead to the shutdown approximately one month later. He resides in San Jose, California. At the time he was laid off, Plaintiff GLENN GARCIA and Alta entered into a severance agreement and general release which stated that Alta would pay him a lump sum of $5,435.33, less required withholdings and deductions within 30 days of executing the agreement. The agreement was executed immediately, but GLENN GARCIA, and other employees who were part of this September group of layoffs who also entered into similar agreements, were not given severance per the contracts.

**B.   Defendants**

20. During the Class period, Defendant ALTA was incorporated in Delaware and maintained its principal place of business at 545 Oakmead Parkway, Sunnyvale, California 94085. Defendant ALTA operated the business at the direction of Defendant HANERGY.

21. Alta is a thin film solar company which was founded in 2008. According to Defendant ALTA, the company seeks to develop and market high efficiency thin film GaAs technology to the masses.

22. In 2014 ALTA was acquired by the renewable energy giant Defendant HANERGY, which leads the solar panel production technology industry, with a portfolio of three other thin film solar companies and 15,000 employees. HANERGY is a Chinese multinational company headquartered in Beijing. The company states it is focused upon thin-film solar value chain, including manufacturing and solar parks development. The company previously was listed in 2015 on the Hong Kong stock exchange and it was reported at that time the founder, Li Hejun, was the richest man in China.

23. In October of 2019, approximately at the time the ALTA plant was shut down, Defendant HANERGY's founder apologized to HANERGY's employees for late salary payments, blaming a slowing economy and other unexpected setbacks for the delay.

24. Upper management from HANERGY regularly visited ALTA, including the Chairman and CEO of HANERGY, Li Hejun. HANERGY engineers regularly trained at ALTA, generally related to tool development or to build a knowledge base of ALTA manufacturing processes in order to set up more ALTA plants in China. Many ALTA employees were previously HANERGY employees who mysteriously were sent back to China by HANERGY prior to the shutdown. Some members of upper management at ALTA, including CEO Jian Ding, were known to work in dual roles for both ALTA and HANERGY. Employees at ALTA often traveled to HANERGY headquarters in China.

25. Defendant ALTA is an agent of parent Defendant HANERGY and an integrated enterprise under the WARN Acts. ALTA is dependent upon HANERGY for all major functions and decisions. HANERGY and ALTA have common ownership, common directors and officers, the same personnel policies as set forth by HANERGY, with ALTA's operations run based on HANERGY's directives.

26. ALTA had been undercapitalized with its funds comingled with HANERGY's funds. Further, HANERGY exercised de facto control of ALTA as evidenced by it being the decisionmaker responsible for the shutdown giving rise to this action.

27. In addition to being an integrated enterprise, ALTA was in fact the alter ego of HANERGY wherein ALTA did not have its own separate identity. The plant shutdown is a result of both Defendants' actions, primarily led by controlling parent HANERGY.

28. Defendant HANERGY had continuous and systematic contacts within California by developing and promoting its business and products in the state, including in the Bay Area. Further, HANERGY has, or had during the Class period, employees visiting and based at a Burlingame office as well as ALTA's Sunnyvale office. HANERGY also was the decisionmaker for most, if not all, of the events relating to the instant employment action.

## IV.   CLASS ACTION ALLEGATIONS

29. Plaintiffs bring this action on their own behalves and pursuant to the federal WARN Act, and Federal Rule of Civil Procedure 23 and 28 U.S.C. Section 1367(a), on behalf of all other similarly situated former employees of Defendant Alta who were impacted by the shutdown of Alta's

plant. The proposed class includes one subclass of employees who were laid off prior to the plant shutdown on or about September 17, 2019 and were not paid severance pursuant to contracts. The second subclass includes the remaining Alta employees who were subject to the mass shutdown without notice on or about October 15, 2019.

30. Each of the proposed Class members, and subclass members, are similarly situated to Plaintiffs with regard to their rights as employees of Alta and the decisions to institute mass layoffs and a plant shutdown of the Alta Sunnyvale, California facility. Both subclasses have claims under California labor laws, and one subclass has additional claims under the WARN Acts, while the other subclass has additional breach of contract claims.

31. Plaintiffs are informed and believe that there are approximately 300 employees within the proposed Class, thus, so numerous that joinder is impractical.

32. There are questions of law and fact common between the proposed Class members, including the members of both subclasses. Therefore, Plaintiffs are similarly situated to the other members of the proposed Class and subclasses and are adequate representatives of the Class and subclasses.

33. The claims of the representative Plaintiffs are the same and typical of the claims of the proposed Class, including the subclasses.

34. The following questions of law and fact are common to the proposed subclass of employees laid off on or about September 17, 2019, and are based upon the same facts harming the second plant shutdown subclass as they relate to both Defendants decision to lay off employees and shutdown the plant without proper notice or pay:

    a. Whether Defendants breached employment agreements with each former employee in the subclass by failing to pay severance as required by the agreements; and

    b. Whether Defendants failed to adequately compensate the members for earned pay pursuant to Labor Code Sections 201, 203 and 227.3.

35. The following questions of law and fact are common to the proposed subclass of employees sent home on or about October 15, 2019 when Defendants decided to shut down the Sunnyvale, California plant:

    a. Whether Defendants violated the federal WARN Act (28 U.S.C. § 2101) and the California version of the WARN Act (Cal. Lab. Code § 1400) for failing to provide notice of a plant shutdown; and

    b. Whether Defendants violated California Labor Code Sections 201, 203, and 227.3 for failing to provide earned wages, vacation PTO, bonuses, and benefits.

36. Plaintiffs will fairly and adequately protect the interests of the proposed Class, including the subclasses. Plaintiffs and Class members have the same interests. Plaintiffs have retained attorneys who are competent and experienced in the prosecution of class action litigation.

37. Plaintiffs and other Class members have suffered damages as a result of Defendants' wrongful conduct. Because the size of the claims of the individual Class members are relatively small, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

38. Absent a class action, the Class members likely will not obtain redress of their injuries and Defendants will retain the proceeds of the violations of the federal and California laws cited herein.

## V. FACTUAL ALLEGATIONS

39. Defendant Alta, owned by Defendant Hanergy, is the world record efficiency holder for single-junction solar cells.

40. Hanergy acquired Alta in 2014. Hanergy purchased solar companies Solibro, MiaSole, and Global Solar Energy the year prior.

41. Prior to its acquisition, Alta had raised more than $120 million from reputable investors. Despite high costs, it was reported that Alta had developed significant relationships with large customers, such as Boeing, and reported annual revenues in the $10-15 million range.

/ / /

42. Upon information and belief, Solibro and Global Solar Energy also have ceased operations recently. Miasole is in an extended shutdown.

43. In September of 2019, Defendants began a round of layoffs, represented by the proposed subclass. These members of the subclass were not given any notice and were not paid for earned work, vacation, bonuses and other benefits.

44. These former employees who were laid off in September of 2019 had entered into agreements with Defendant Alta which stated that Alta would provide severance pay less any applicable deductions and withholdings, within 30 days of execution of the agreements. Defendants failed to pay the agreed upon severance payments, and further failed to pay the former employees for earned pay, vacation, bonuses, and other benefits. This set of layoffs signaled the beginning of the end.

45. Despite Hanergy's market share and dominance globally, without any notice on or about October 15, 2019 Defendants shut down the Sunnyvale, California Alta plant.

46. It appears that Hanergy has engaged in a pattern of abandoning its plants and employees, as evidenced by Alta, Solibro, Miasole, and Global Solar Energy's recent closures.

47. Class members who were employed at Alta when the plant was shutdown were not given any notice and further were owed unpaid wages, vacation, PTO, bonuses and benefits. These former employees included hourly and salaried employees.

48. Members of the proposed Class have been unable to pay bills and have been uncertain of health insurance coverage because of Defendants' violations. Members have also suffered loss of other benefits.

## VI. CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**Violation of Federal WARN Act, 29 U.S.C. § 2101 et seq.**
**(Against Defendants Alta Devices, Inc. and Hanergy Holding Group, Ltd.)**
**(on behalf of the subclass working at the time of the shutdown on or about October 15, 2019)**

49. Plaintiffs repeat and reallege by reference the allegations set forth above, as though set forth herein in full.

50. Plaintiffs, and other members of the proposed Class, were, or are, all employees of Defendant Alta.

51. Defendant Alta was controlled, operated by, dependent upon, and an integrated enterprise and/or alter ego of Defendant Hanergy at the time of the plant shutdown.

52. Plaintiffs and the proposed subclass members were left with uncertainty by Defendants without cause on or about October 15, 2019 when the Alta plant was shut down. This shutdown resulted in an "employment loss" pursuant to Section 2101 and a "mass layoff" or "plant closing" occurred. A "plant closing" occurred under Section 2101 because the Sunnyvale site resulted in an employment loss on October 15, 2019 of 50 or more employees and over 33% of employees at Alta.

53. Defendants were required by the WARN Act to provide at least sixty (60) days written notice of the plant shutdown. *See* 29 U.S.C. § 2102(a); 20 C.F.R. § 639.2. However, Defendants failed to do so. Defendants failed to pay wages, benefits, bonuses, and backpay under Section 2104(a)(1) for the sixty (60) days following the plant shutdown. Defendants are further liable for any medical expenses that occurred during this time period due to a loss of medical benefits resulting from the shutdown.

54. At all times relevant to the instant action, Defendant Alta employed 100 or more full-time employees, or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States as defined by Section 2101.

55. Defendant Alta was an "employer" pursuant to Section 2101(a)(1) and Plaintiffs, along with all proposed subclass members who were subject to the October 15, 2019 shutdown, were "employees" pursuant to Section 2101. Defendant Hanergy was an "employer" which controlled Defendant Alta and ordered the shutdown.

56. Plaintiffs and the proposed Class are "affected employees" under Section 2101 because they were employees reasonably expected to experience an employment loss as a consequence of a proposed plant closing or mass layoff by their employer.

/ / /

/ / /

/ / /

/ / /

**SECOND CAUSE OF ACTION**
**Violation of California WARN Act, California Labor Code § 1400, et seq.**
**(Against Defendants Alta Devices, Inc. and Hanergy Holding Group, Ltd)**
**(on behalf of the subclass working at the time of the shutdown on or about October 15, 2019)**

57. Plaintiffs repeat and reallege by reference the allegations set forth above, as though set forth herein in full.

58. Pursuant to Section 1400 Alta was a "covered establishment" with a facility that employed over seventy-five (75) people within the preceding twelve (12) months.

59. Alta was an "employer" under Sections 18 and 1400(b) of the Labor Code who directly and/or indirectly owned and operated the "covered establishment."

60. Defendant Hanergy was an "employer" under Labor Code § 1400(b) because it was/is the parent corporation to Alta, directing Alta's actions, and the owner or operator of the "covered establishment."

61. Plaintiffs and the individuals in the proposed Class were "employees" under Section 1400 who had been employed for six (6) months of the twelve (12) months preceding the date on which notice was required.

62. Defendants ordered a "mass layoff" of fifty (50) or more employees within a thirty (30) day period and/or a "termination" at the "covered establishment," because the "cessation of industrial or commercial operations" occurred.

63. Defendants violated Section 1401(a) of the Labor Code by failing to provide at least sixty (60) days written notice to employees affected by the "mass layoff" and/or "termination."

64. Defendants are therefore liable to Plaintiffs and all proposed Class members in the subclass who were subject to the cessation of the plant operation, terminated, and/or part of the mass lay off for back pay, bonuses, vacation, and other benefits, including health insurance benefits that were not in place during the maximum sixty (60) day time period or one-half the number of days that the employee was employed pursuant to Section 1402(a) and (b).

///

///

///

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

CLASS ACTION COMPLAINT    11

**THIRD CAUSE OF ACTION**
**California Labor Code Sections 201, 203, and 227.3**
**(Against Defendant Alta Devices, Inc. and Defendant Hanergy Holding Group, Ltd.)**
**(on behalf of the entire Class)**

65. Plaintiffs repeat and reallege by reference the allegations set forth above, as though set forth herein in full.

66. Defendants were required to immediately pay Plaintiffs and the proposed Class wages and bonuses earned and unpaid at the time of the plant shutdown and prior layoffs under Section 201, and further for any benefits, vacation or earned PTO under Section 227.3.  Defendants failed to do so and therefore as a penalty are required to pay Plaintiffs and the proposed Class members from the due date thereof at the same rate for up to thirty (30) days under Section 203.

**FOURTH CAUSE OF ACTION**
**Breach of Contract**
**(Against Defendant Alta Devices, Inc. and Defendant Hanergy Holding Group, Ltd.)**
**(On behalf of the subclass laid off on or about September 17, 2019)**

67. Plaintiffs repeat and reallege by reference the allegations set forth above, as though set forth herein in full.

68. Plaintiffs and members of the subclass who were laid off on or about September 17, 2019 had entered into employment agreements with Defendant Alta, and thus Defendant Hanergy as the integrated enterprise, agent and/or alter ego of Hanergy.

69. These agreements included a provision providing that a lump sum severance payment would be made within 30 days of execution of the agreements in exchange for a release.  Defendants were required to provide the severance pay to members of the subclass pursuant to the contracts, yet, failed to do so.

70. These failures amounted to a breach of contract and damaged members of the subclass who relied upon the bargained for amounts.

71. Members of the subclass are entitled to their full severance pay as provided pursuant to their employment agreements.

/ / /

/ / /

**FIFTH CAUSE OF ACTION**
**California Business and Professions Code Section 17200, et seq.**
**(Against Defendant Alta, Devices, Inc. and Defendant Hanergy Holding Group, Ltd.)**
**(on behalf of the entire Class)**

72. Plaintiffs repeat and reallege by reference the allegations set forth above, as though set forth herein in full.

73. Defendants conduct was unfair and unlawful under California Business and Professions Code Section 17200 et seq.

74. Defendants violated the federal and California WARN acts and the California Labor Code by failing to provide notice of a plant shutdown, termination and/or mass layoff without notice, and by failing to pay earned but unpaid wages, bonuses, and benefits.

75. Under Section 17204, Plaintiffs have suffered injury in fact and lost money as a result of this unfair competition and are owed restitution for earned wages under Section 17203.

76. Plaintiffs have adequately established class standing under Sections 17203 and 17204.

## VII. **PRAYER FOR RELIEF**

WHEREFORE, in accordance with the above claims, Plaintiffs demand judgment in their favor and in favor of the other members of the Class for:

    A. An Order certifying that Plaintiffs and the proposed Class members constitute a single class and designating the action as a Class Action pursuant to Federal Rule of Civil Procedure 23;

    B. Appointment of the attorneys below as Class counsel; and

    C. Appointment of Plaintiffs as class representatives and payment of compensation as representatives if the Court deems appropriate.

For the subclass of former employees working when the plant shutdown occurred on or about October 15, 2019, and against Defendants, individually, jointly, and severally, for:

    A. A declaration that Defendants have violated the California Labor Laws, California and Federal WARN Acts, California Business and Professions Code Section 17200, and other applicable employment statutes;

   B. For unpaid earned wages and bonuses, vacation, and other benefits for an additional thirty (30) days pursuant to the California Labor Code;

   C. An Order certifying this subclass as part of the Class Action pursuant to Federal Rule of Civil Procedure 23;

   D. For unpaid earned wages and/or salary (or "backpay" pursuant to the federal and California WARN Acts), bonuses, vacation pay, all other benefits including benefits under ERISA, and any damages resulting from lack of health care benefits that would have covered medical expenses, for sixty (60) days following the plant shutdown pursuant to the WARN Acts;

   E. An award of attorney's fees and costs; and

   F. For any and all other legal and equitable relief as may be available that the Court may deem proper.

For the subclass of former employees who were laid off on or about September 17, 2019 entitled to severance pay:

   A. For consequential and compensatory damages for breach of contract in an amount according to proof;

   B. An Order certifying this subclass and designating this action as a Class Action pursuant to Federal Rule of Civil Procedure 23;

   C. A declaration that Defendants have violated the California Labor Laws, other applicable employment statutes, and California Business and Professions Code Section 17200;

   D. For unpaid earned wages, bonuses, vacation, and other benefits for an additional thirty (30) days pursuant to the California Labor Code; and

///
///
///
///
///

E. For any and all other legal and equitable relief as may be available that the Court may deem proper.

Dated: January 13, 2020 **COTCHETT, PITRE & McCARTHY, LLP**

By: */s/ Justin T. Berger*
JUSTIN T. BERGER
SARVENAZ "NAZY" J. FAHIMI

*Attorneys for Plaintiffs and the Proposed Class*

## VIII. JURY DEMAND

Plaintiffs request a trial by jury.

Dated: January 13, 2020

**COTCHETT, PITRE & McCARTHY, LLP**

By: /s/ Justin T. Berger
JUSTIN T. BERGER
SARVENAZ "NAZY" J. FAHIMI

*Attorneys for Plaintiffs and the Proposed Class*